1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| IN RE BECKMAN COULTER, INC. SECURITIES LITIGATION | ) **Case No.: 8:10-cv-1327-JST (RNBx)** <br> ) **FINAL ORDER AND <u>JUDGMENT</u>** <br> ) Hon. Josephine Staton Tucker <br> ) <br> ) <br> ) <br> ) |

WHEREAS:

A.      As of September 13, 2011, Arkansas Teacher Retirement System and Iron Workers District Council of New England Pension Funds ("Lead Plaintiff"), on behalf of itself and the Class, and Beckman Coulter, Inc. ("Beckman" or the "Company"), Scott T. Garrett, and Charles P. Slacik (collectively, "Defendants") entered into a Stipulation of Settlement (the "Stipulation") in the above-titled litigation (the "Action").

B.      Pursuant to the Order Granting Plaintiff's Motion for Preliminary Settlement Approval and Setting a Fairness Hearing for February 27, 2012 at 10:00 A.M., entered November 9, 2011 (the "Preliminary Approval Order"), the Court scheduled a hearing for February 27, 2012 at 10:00 A.M. (the "Settlement

[

Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered.  The Court ordered that the Parties mail the Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") and Proof of Claim and Release Form ("Proof of Claim") to potential Class Members and publish the Summary Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the forms attached to the Supplemental Preliminary Approval Order Providing for Notice and Hearing in Connection with Proposed Class Action Settlement, entered on November 30, 2011, ("Supplemental Order"), as Exhibits 1, 2 and 3.

   C.  On January 13, 2012, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Supplemental Order.  On February 27, 2012, this Court held a Settlement Hearing to determine: (a) whether the above-captioned federal securities class action (the "Action") satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure; (b) whether the terms of the proposed settlement ("Settlement") described in the Stipulation of Settlement (the "Stipulation"), are fair, reasonable and adequate, and should be approved by the Court; (c) whether the proposed allocation of the Settlement fund (the "Plan of Allocation") is fair and reasonable and should be approved by the Court; (d) whether the Final Order and Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release of the Released Claims as against the Released Parties, as set forth in the Stipulation, should be ordered; (e) whether the application of Lead Counsel for an award of attorneys' fees and

1   reimbursement of expenses should be approved; and (f) such other matters as the

2   Court might deem appropriate.

3        D.      It has been shown that the Notice substantially in the form approved

4   by the Supplemental Order was mailed to all persons and entities reasonably

5   identifiable who purchased or acquired the securities that are the subject of the

6   Action during the Class Period.

7        E.      It has been shown that the Summary Notice substantially in the form

8   approved by the Court in the Supplemental Order was published pursuant to the

9   specifications of the Court.

10       F.      At the Settlement Hearing, all interested Persons were afforded the

11   opportunity to be heard.

12       G.      This Court has duly considered Lead Plaintiff's motion, the affidavits,

13   declarations and memorandum of law submitted in support thereof, and all of the

14   submissions and arguments presented with respect to the proposed Settlement.

15       NOW, THEREFORE, after due deliberation, IT IS ORDERED,

16   ADJUDGED AND DECREED as follows:

17       1.      This Judgment incorporates by reference the definitions in the

18   Stipulation, and all capitalized terms used in this Judgment that are not otherwise

19   defined herein shall have the same meanings as set forth in the Stipulation.

20       2.      This Court has jurisdiction over the subject matter of the Action and

21   over all Parties to the Action, including all members of the Class.

22       3.      The Court hereby affirms its determinations in the Preliminary

23   Approval Order and finally certifies, for the purposes of the Settlement only, the

24   Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of

25   Civil Procedure on behalf of any person or entity who purchased or otherwise

26   acquired Beckman common stock between July 31, 2009 and July 22, 2010,

27   inclusive (the "Class Period"), and who was allegedly damaged thereby (the

28   "Class").  The Court finds that the prerequisites for a class action under Rule 23(a)

1  and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

2  (a) the number of Class Members is so numerous that joinder of all members

3  thereof is impracticable; (b) there are questions of law and fact common to the

4  Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class he

5  seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests

6  of the Class; (e) the questions of law and fact common to the members of the Class

7  predominate over any questions affecting only individual members of the Class;

8  and (f) a class action is superior to other available methods for the fair and efficient

9  adjudication of the controversy.

10      4.    Excluded from the Class are the Defendants; any officer or director of

11  Beckman during the Class Period; members of the immediate families of each of

12  the foregoing and their legal representatives, heirs, successors or assigns; and any

13  entity in which any Defendant has or had (during the Class Period) a controlling

14  interest.  Also excluded from the Class are those proposed Class Members who

15  properly excluded themselves by filing a valid and timely request for exclusion in

16  accordance with the requirements set forth in the Notice.  (See Exhibit A annexed

17  hereto).

18      5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for

19  the purposes of the Settlement only, the Court hereby affirms its determinations in

20  the Preliminary Approval Order and finally certifies Lead Plaintiff Arkansas

21  Teacher Retirement System and Iron Workers District Council of New England

22  Pension Funds as Class Representative for the Class; and finally appoints Labaton

23  Sucharow LLP and Berger Montague P.C. as Class Counsel for the Class.

24      6.    The notification provided for and given to the Class was in

25  compliance with the Supplemental Order, and provided the best notice practicable

26  under the circumstances in full compliance with the notice requirements of Rule 23

27  of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities

28

1    Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private

2    Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process.

3        7.    The proposed Settlement of the Action on the terms and conditions set

4    forth in the Stipulation is in all respects fair, reasonable and adequate, in light of

5    the benefits to the Class, the complexity, expense and possible duration of further

6    litigation against the Defendants and the risks of establishing liability and damages

7    and the costs of continued litigation.  This Court further finds the Settlement set

8    forth in the Stipulation is the result of arm's-length negotiations between

9    experienced counsel representing the interests of Lead Plaintiff, the Class and the

10   Defendants.

11       8.    The Stipulation and the proposed Settlement are hereby approved as

12   fair, reasonable, adequate, and in the best interests of the Class Members, and shall

13   be consummated in accordance with the terms and provisions of the Stipulation.

14   To the extent there were objections to the Settlement, those objections are

15   overruled.

16       9.    The Consolidated Class Action Complaint for Violations of Federal

17   Securities Laws (the "Complaint"), filed February 7, 2011, is hereby dismissed in

18   its entirety as to the Defendants, with prejudice, and without costs to any Party,

19   except as otherwise provided in the Stipulation.

20       10.   Upon the Effective Date, Lead Plaintiff, each and every other Class

21   Member, and every other Released Plaintiff Party, on behalf of themselves and

22   each of their respective heirs, executors, trustees, administrators, predecessors,

23   successors and assigns, shall be deemed to have fully, finally and forever waived,

24   released, discharged and dismissed each and every one of the Released Claims,

25   including Unknown Claims, as against each and every one of the Released

26   Defendant Parties and shall forever be barred and enjoined from commencing,

27   instituting, prosecuting or maintaining any of the Released Claims against any of

28   the Released Defendant Parties.

(a)     As set forth in the Stipulation, "Released Claims" means all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or Unknown (as defined below), whether arising under federal, state, common or administrative law, or any other law, that Lead Plaintiff or any other Class Member: (i) have asserted in the Action, including in the Complaint; or (ii) could have asserted in any forum, that arise out of the allegations, transactions, facts, events, occurrences, acts, disclosures, statements, representations or omissions or failures to act involved, set forth, or referred to in the Complaint filed in the Action, and that relate to the purchase or acquisition during the Class Period of Beckman common stock.  Released Claims do not include claims: (i) to enforce the Settlement; (ii) to enforce confidentiality agreements and obligations concerning information provided in connection with the settlement of the Action; and (iii) asserted derivatively or directly in the action *In re Beckman Coulter, Inc. Shareholders Litig*., Lead Case No. 30-2010-0040632 pending in the Superior Court of the State of California, County of Orange.

(b)     As set forth in the Stipulation, "Released Defendant Parties" means the Defendants and their present or former trustees, officers, directors, principals, employees, agents, partners, insurers, auditors, heirs, executors, administrators, attorneys, accountants, financial advisors, representatives, predecessors, successors or assigns, parents, subsidiaries, divisions, affiliates, associates, joint ventures, general or limited partners or partnerships, limited liability companies and any trust of which any Individual Defendant is the settlor or which is for the benefit of their immediate family members.

11.     Upon the Effective Date, the Defendants and each of their respective Released Defendant Parties, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and

1    dismissed each and every one of the Released Defendants' Claims as against each

2    and every one of the Released Plaintiff Parties and shall forever be barred and

3    enjoined from commencing, instituting, prosecuting or maintaining any of the

4    Released Defendants' Claims against any of the Released Plaintiff Parties.

5           (a)    "Released Defendants' Claims" means all claims, rights and

6    causes of action, duties, obligations, demands, actions, debts, sums of money, suits,

7    contracts, agreements, promises, damages, and liabilities of every nature and

8    description, whether known or Unknown, whether arising under federal, state,

9    common or administrative law, or any other law, that the Defendants or any other

10   Released Defendant Party asserted, or could have asserted, against any of the

11   Released Plaintiff Parties that arise out of or relate in any way to the

12   commencement, prosecution, settlement or resolution of the Action or the claims

13   against the Released Defendant Parties.  "Released Defendants' Claims" do not

14   include claims: (i) to enforce the Settlement; (ii) to enforce confidentiality

15   agreements and obligations concerning information provided in connection with

16   the settlement of the Action; and (iii) that arise out of or relate in any way to the

17   commencement, prosecution, settlement or resolution of claims asserted

18   derivatively or directly in the action *In re Beckman Coulter, Inc. Shareholders*

19   *Litig.*, Lead Case No. 30-2010-0040632 pending in the Superior Court of the State

20   of California, County of Orange.

21          (b)    As set forth in the Stipulation, "Released Plaintiff Parties"

22   means Plaintiffs, each and every Class Member, Lead Counsel, and their respective

23   present or former trustees, officers, directors, principals, employees, agents,

24   partners, insurers, auditors, heirs, executors, administrators, attorneys, accountants,

25   financial advisors, representatives, predecessors, successors or assigns, parents,

26   subsidiaries, divisions, affiliates, associates, joint ventures, general or limited

27   partners or partnerships, limited liability companies and any trust of which

28

1    Plaintiffs, any Class Member, or Lead Counsel is the settlor or which is for the

2    benefit of their immediate family members.

3          12.    Each Class Member, whether or not such Class Member executes and

4    delivers a Proof of Claim, is bound by this Judgment, including, without limitation,

5    the release of claims as set forth in the Stipulation.

6          13.    This Judgment and the Stipulation, whether or not consummated, and

7    any negotiations, proceedings or agreements relating to the Stipulation, the

8    Settlement, and any matters arising in connection with settlement negotiations,

9    proceedings, or agreements, shall not be offered or received against the Defendants

10   or Lead Plaintiff for any purpose, and in particular:

11                (a)    do not constitute, and shall not be offered or received against

12   the Defendants as evidence of, or construed as, or deemed to be evidence of any

13   presumption, concession or admission by the Defendants with respect to the truth

14   of any fact alleged by Lead Plaintiff and the Class or the validity of any claim that

15   has been or could have been asserted in the Action or in any litigation, including

16   but not limited to the Released Claims, or of any liability, damages, negligence,

17   fault or wrongdoing of the Defendants;

18                (b)    do not constitute, and shall not be offered or received against

19   the Defendants as evidence of a presumption, concession or admission of any fault,

20   misrepresentation or omission with respect to any statement or written document

21   approved or made by the Defendants, or against Lead Plaintiff, or any other

22   members of the Class as evidence of any infirmity in the claims of Lead Plaintiff or

23   the other members of the Class;  provided, however, that the Released Parties may

24   refer to or otherwise file this Final Order and Judgment, and/or the Stipulation, to

25   effectuate the liability protection granted them hereunder including to support a

26   defense or counterclaim based on the principles of *res judicata*, collateral estoppel,

27   release, good faith settlement, judgment bar or reduction or any other theory of

28   claim preclusion or issue preclusion or similar defense or counterclaim;

1         (c)     do not constitute, and shall not be offered or received against

2  the Defendants, Released Defendant Parties or against Lead Plaintiff, Class

3  Members, or Released Plaintiff Parties, as evidence of a presumption, concession

4  or admission with respect to any liability, damages, negligence, fault, infirmity or

5  wrongdoing, or in any way referred to for any other reason against any of the

6  Parties to this Stipulation, in any other civil, criminal or administrative action or

7  proceeding, other than such proceedings as may be necessary to effectuate the

8  provisions of this Stipulation;

9         (d)     do not constitute, and shall not be construed against the

10  Defendants, Lead Plaintiff, or any other members of the Class, as an admission or

11  concession that the consideration to be given hereunder represents the amount

12  which could be or would have been recovered after trial;

13         (e)     do not constitute, and shall not be construed as or received in

14  evidence as, an admission, concession or presumption against Lead Plaintiff, or

15  any other members of the Class, or any of them that any of their claims are without

16  merit or infirm or that damages recoverable under the Complaint would not have

17  exceeded the Settlement Amount.

18     14.    The Court further finds that during the course of the Action, the

19  Parties and their respective counsel at all times complied with the requirements of

20  Rule 11 of the Federal Rules of Civil Procedure.

21     15.    The administration of the Settlement, and the decision of all disputed

22  questions of law and fact with respect to the validity of any claim or right of any

23  Person to participate in the distribution of the Net Settlement Fund, shall remain

24  under the authority of this Court.

25     16.    In the event that the Settlement does not become effective in

26  accordance with the terms of the Stipulation, then this Judgment shall be rendered

27  null and void to the extent provided by and in accordance with the Stipulation and

28  shall be vacated, and in such event, all orders entered and releases delivered in

1  connection herewith shall be null and void to the extent provided by and in

2  accordance with the Stipulation.

3       17.    Without further order of the Court, the Parties may agree to

4  reasonable extensions of time to carry out any of the provisions of the Stipulation.

5       18.    The Parties are hereby directed to consummate the Stipulation and to

6  perform its terms.

7       19.    A separate order shall be entered regarding Lead Counsel's

8  application for attorneys' fees and reimbursement of expenses as allowed by the

9  Court.  A separate order shall be entered regarding the proposed Plan of Allocation

10  for the Net Settlement Fund. Such orders shall in no way disturb or affect this

11  Judgment and shall be considered separate from this Judgment.

12       20.    Without affecting the finality of this Judgment in any way, this Court

13  hereby retains continuing jurisdiction over: (i) implementation of the Settlement;

14  (ii) the allowance, disallowance or adjustment of any Class Member's claim on

15  equitable grounds and any award or distribution of the Settlement Fund; (iii)

16  disposition of the Settlement Fund; (iv) hearing and determining applications for

17  attorneys' fees, costs, interest and reimbursement of expenses in the Action; (v) all

18  Parties for the purpose of construing, enforcing and administering the Settlement

19  and this Judgment; and (vi) other matters related or ancillary to the foregoing.

20  There is no just reason for delay in the entry of this Judgment and immediate entry

21  by the Clerk of the Court is expressly directed.

22  Dated: March 02, 2012

23

24  _____

25  Honorable Josephine Staton Tucker
    UNITED STATES DISTRICT JUDGE

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

| Last Name | First Name | City | State |
|---|---|---|---|
| Kalin | Leah | Carlsbad | CA |
| Paulsen | Maridon | Fullerton | CA |
| Schifreen | Richard & Barbara | Madison | WI |
| Skinner | Nancy | Silver Spring | MD |
| Yarwood | Lee | Olive Branch | MS |